**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **GEORGIA AUTO GROUP, LLC, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:23-cv-384 (MTT)** |
| | ) | |
| **META PLATFORMS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Defendant Meta Platforms, Inc. f/k/a The Facebook, Inc. d/b/a Facebook ("Meta")
moves to dismiss plaintiffs Georgia Auto Group, LLC and Jesse Dillon Smith's complaint
based on, *inter alia*, a forum-selection clause.[1]  Doc. 16.  The plaintiffs failed to respond
to Meta's motion.  Because transfer, rather than dismissal, is appropriate, Meta's motion
(Doc. 16) is **DENIED** and this case is **TRANSFERRED** to the United States District
Court for the Northern District of California.

On October 5, 2023, the plaintiffs sued Meta.  Doc. 1.  Smith alleges a
negligence claim based on the suspension of his personal Facebook page and Georgia
Auto, of which "Smith is a managing member … and is responsible for [its] marketing
activities," alleges a breach of contract claim based on an inability to access its
business Facebook page and Facebook's advertising services after Smith's page was
suspended.  *Id*. ¶¶ 9-46.  Meta asserts that Smith's claim is subject to the "[t]he forum-

---

[1] Because the Court is transferring the case, it does not address Meta's arguments for dismissal based on
a disclaimer of liability, failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or the
Communications Decency Act.  Doc. 16-1 at 2.

selection clause in the Facebook Terms of Service."  Doc. 16-1 at 7-10.  The Court agrees.

Facebook's terms of service "govern [the] use of Facebook, Messenger, and the other products, features, apps, services, technologies, and software [Meta] offer[s]."  Doc. 16-2 at 2.[2]  Section 4(4) of Facebook's terms of service, titled "disputes," provides:

> You and Meta each agree that any claim, cause of action, or dispute between us that arise out of or relates to these Terms or your access or use of the Meta Products shall be resolved exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County.  You also agree to submit to the personal jurisdiction of either of these courts for the purpose of litigating any such claim, and that the laws of the State of California will govern these Terms and any claim, cause of action, or dispute without regard to conflict of law provisions.

*Id*. at 8.  "Forum selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances."  *Feggestad v. Kerzner Int'l Bahamas Ltd.*, 843 F.3d 915, 918 (11th Cir. 2016) (quoting *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009)).  By failing to respond, Smith did not make this "strong showing."[3]  And as Meta points out, this forum-selection clause "squarely applies" to Smith's negligence claim because that claim "arises out of and relates to his access to and use of

---

[2] The Court may consider these terms (1) because the plaintiffs reference Meta's terms of service in their complaint and do not challenge the terms' authenticity, and (2) "without the aid of such outside materials, the court would be unable to discern the actual basis, in fact, of a party's challenge to the bare allegation in the complaint that venue is proper to that court."  Doc. 1 ¶¶ 16, 25 n.1; *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Baker v. City of Madison, Ala.*, 67 F.4th 1268, 1276 (11th Cir. 2023); *Horberg v. Kerzner Int'l Hotels Ltd.*, 774 F. Supp. 2d 1284, 1288 (S.D. Fla. 2007) (quoting *Ward v. Kerzner Int'l Hotels*, 2005 WL 2456191, at *2 (S.D. Fla. Mar. 30, 2005)); *see Est. of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012).

[3] Other district courts have found that the forum-selection clause in Facebook's terms of service is valid and enforceable.  *See Franklin v. Facebook, Inc.*, 2015 WL 7755670, at *2 (N.D. Ga. Nov. 24, 2015) ("The Court cannot identify a single instance where any federal court has … held the forum selection clause now at issue to be otherwise unenforceable."); *Loomer v. Facebook, Inc.*, 2020 WL 2926357, at *2-3 (S.D. Fla. Apr. 13, 2020); *Miller v. Facebook, Inc.*, 2010 WL 9525523, at *1 (N.D. Ga. Jan. 15, 2010).

Facebook."  Doc. 16-1 at 8; *see* Doc. 1 ¶¶ 12 ("Upon information and belief, Defendant suspended or otherwise prevented Plaintiff Smith from accessing Plaintiff Smith's Personal Page for reasons that are not known to Plaintiff."), 14 ("Defendant has never articulated to Plaintiff what behavior caused Defendant to suspend or otherwise prevent Plaintiff Smith from accessing Plaintiff Smith's Personal Page."), 17 ("As of the filing of this Complaint, Plaintiff Smith does not know why he lost access to the Personal Page.").

Thus, this case must be transferred to the Northern District of California.  The Supreme Court has held that, where a forum-selection clause points to a federal court, "Congress has replaced the traditional remedy of outright dismissal with transfer" under 28 U.S.C. § 1404(a).  *Atlantic Marine Constr. Co. v. United States Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 60 (2013) ("Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system.").  Meta argues dismissal of the complaint is appropriate under the doctrine of *forum non conveniens* because the Northern District of California "is not a proper forum for" Georgia Auto's breach of contract claim which, according to Meta, is subject to an arbitration clause.  However, the Supreme Court has suggested that, under the Federal Arbitration Act, a court shall stay—not dismiss—a claim involving "any issue referable to arbitration."  *Smith v. Spizzirri*, __ U.S. __, 2024 WL 2193872, at *2-4 (May 16, 2024) (citing 9 U.S.C. § 3).  Because the case must be transferred, the Northern District of California is better suited to determine the application and effect of the arbitration clause.

Accordingly, Meta's motion to dismiss (Doc. 16) is **DENIED without prejudice**.

The Clerk of Court is **DIRECTED** to **TRANSFER** this action to the United States District

Court for the Northern District of California.

**SO ORDERED**, this 17th day of May, 2024.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT